**INDEPENDENT PILOTS ASSOCIATION,**
Petitioner

v.

**FEDERAL AVIATION ADMINISTRATION,**
Respondent

Cargo Airline Association, Intervenor.

Nos. 11–1483, 15–1027.

United States Court of Appeals, District of Columbia Circuit.

March 24, 2016.

W. Eric Pilsk, Thomas R. Devine, Kaplan Kirsch & Rockwell LLP, Washington, DC, for Petitioner.

Paul Maitland Geier, Joy Park, Peter J. Plocki, U.S. Department of Transportation (Tran) Office of General Counsel, Benjamin Charles Mizer, U.S. Department of Justice (DOJ) Office of the Assistant Attorney General, Mark William Pennak, Matthew M. Collette, Michael Jay Singer, U.S. Department of Justice, Washington, DC, for Respondent.

Jeffrey Adam Rosen, William H. Burgess, John Caviness O'Quinn, Kirkland & Ellis LLP, Stephen A. Alterman, Cargo Airline Association, Washington, DC, for Intervenor.

Before: TATEL, Circuit Judge, and SENTELLE and RANDOLPH, Senior Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the Federal Aviation Administration and on the briefs of the parties and oral arguments of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review is denied.

The Independent Pilots Association (IPA) challenges the decision of the Federal Aviation Administration (FAA) to exclude all-cargo operations from a final rule setting forth new flightcrew member duty and rest requirements for passenger operations. *See* Flightcrew Member Duty and Rest Requirements, 77 Fed. Reg. 330 (Jan. 4, 2012). The FAA issued the final rule pursuant to Section 212 of the Airline Safety and Federal Aviation Administration Extension Act of 2010, Pub. L. No. 111–216, § 212, 124 Stat. 2348, 2362 (2010) (codified at 49 U.S.C. § 44701 note), which instructs the Administrator to "issue regulations, based on the best available scientific information, to specify limitations on the hours for flight and duty time allowed for pilots to address problems relating to pilot fatigue." In issuing the regulations, Congress directed the Administrator to consider a list of twelve factors plus "[a]ny other matters the Administrator considers appropriate." § 212(a)(2)(M), 124 Stat. at 2362–63. After considering the relevant scientific information about pilot fatigue

and performing a cost-benefit analysis, the FAA concluded that the final rule would not apply to all-cargo operations because the compliance costs would significantly outweigh the benefits. *See* Flightcrew Member Duty and Rest Requirements, 77 Fed. Reg. at 332. IPA argues that the statutory text precludes the FAA from excluding all-cargo operations from the final rule based on cost considerations. The FAA argues that the statute authorizes it to consider costs.

Under *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the court must determine first "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter." *Id.* at 842–43, 104 S.Ct. 2778. "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778. Even assuming that there is ambiguity in the statute at issue, there was nothing unreasonable about the FAA's interpretation. *See, e.g., Michigan v. EPA,* — U.S. —, 135 S.Ct. 2699, 2707, 192 L.Ed.2d 674 (2015) ("Agencies have long treated cost as a centrally relevant factor when deciding whether to regulate. Consideration of cost reflects the understanding that reasonable regulation ordinarily requires paying attention to the advantages *and* the disadvantages of agency decisions."); *Michigan v. EPA,* 213 F.3d 663, 678 (D.C.Cir.2000) ("It is only where there is clear congressional intent to preclude consideration of cost that we find agencies barred from considering costs.") (internal quotation marks omitted). Thus, it was reasonable for the FAA to consider costs when determining whether the final rule should apply to all-cargo operations. Because the FAA adequately and reasonably

considered all relevant factors, we also conclude that the FAA's cost-benefit analysis was not arbitrary or capricious. Therefore, we deny IPA's petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.